## 11097. JONES *et al.* v. STYLES *et al.*

A ground of a motion for a new trial, alleging that certain "material evidence," consisting of a document set out therein, "was illegally withheld from the jury," and stating that the movants insisted that for reasons set out the document was admissible as evidence, but not showing what objection was made to its introduction in evidence, *is not in proper form for consideration by this court.*

Refusal to admit in evidence the return of the processioners and the accompanying plat of the surveyor was not ground for a new trial. A protest to the return was pending in the superior court; and if the exclusion of the return and plat was error, the error was harmless, in view of uncontradicted testimony as to their contents by two of the processioners and the surveyor. Besides, the return and the plat were indefinite and failed to show the line marked out.

The verdict was not unsupported by evidence; and, the trial judge having approved it, this court can not disturb it.

DECIDED MAY 11, 1920.

Action for damages; from Gordon superior court — Judge Tarver.   September 27, 1919.

S. A. Jones and others were sued jointly for damages on account of the cutting of a shade tree and the destruction of a part of a fence; and the verdict was against them.   From the evidence it appeared that the land of Jones was in land lot No. 109 and adjoined that of the plaintiffs, which was in land lot No. 110, and there was conflict in the testimony as to whether the tree and the fence were in land lot No. 109 or in lot No. 110.   The only ground of the motion for a new trial, besides the general grounds, was as follows: "Because the following material evidence was illegally withheld from the jury, to wit:   the return of the processioners, together with certified plat of the surveyor, showing the true line between lots of land number 109, 110, as run and marked by the processioners and county surveyor; movants in their defenses insisting that the tree alleged to have been cut and the garden fence alleged to have been moved were on the lands of S. A. Jones; movants further insisting that the location of the dividing line between the litigants was relevant to the matter in controversy, and that therefore the return of the processioners and the county surveyor was admissible in evidence, and that said return and plat was admissible to illustrate the evidence of the surveyor and the processioners who marked the line and testified in this case relative thereto.   Note by the court:   It was admitted by counsel for the parties that a protest to the return of the processioners had been filed by plaintiffs, which cause was pending in Gordon superior court."   A copy of the return and of the plat was attached to this ground of the motion.

*J. G. B. Erwin, Starr & Paschal,* for plaintiffs in error.

*A. L. Henson,* contra.

BLOODWORTH, J.   1.   In the special ground of the motion for a new trial complaint is made of the rejection of a certain return made by processioners and the certified plat of the county surveyor accompanying the return.   In *Central of Georgia Ry. Co. v. Jaques & Tinsley,* 23 *Ga. App.* 396 (2) (98 S. E. 357), it is held:   "The assignment of error based upon the sustaining of the defendant's objections to certain documentary evidence, and the

exclusion of the evidence, is too indefinite to raise any question for consideration by this court, as it does not show what were the objections sustained by the court, nor wherein the court erred in sustaining them in excluding the evidence." See also *Steed* v. *Cruise, 70 Ga.* 168 (4). Under the above ruling this court is not called upon to consider the special ground of the motion, as it does not show what objections were made to the introduction of the evidence, but shows only the reason urged why its introduction was proper. However, the trial judge appends the following note to the special grounds of the motion: "It was admitted by counsel for the parties that a protest to the return of the processioners had been filed by plaintiff, which cause was pending in Gordon Superior Court." Granting that it was error to reject the evidence offered, it was harmless, as two of the processioners and the surveyor swore to all that was contained in the return and shown by the plat, and this evidence as to the contents of the return and plat was not contradicted. Besides, the return and the plat are indefinite and do not show what line was marked out by the processioners and run by the surveyor.

2. It can not be said that there was no evidence to support the verdict; the presiding judge approved the finding of the jury, and we must accept it.

*Judgment affirmed. Broyles, C. J., and Luke., J. concur.*