16148, 16161. BOWERS *v.* LOUISVILLE & NASHVILLE RAILROAD Co. *et al.;* and *vice versa.*

BROYLES, C. J. 1. A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In a suit by a servant against his master for personal injuries arising from the negligence of the master in furnishing him alleged defective and unsafe machinery, the plaintiff can not recover unless it appears that the master knew, or ought to have known, of the defects or danger in the machinery supplied, and unless it also appears that the servant injured *did not know, and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof.* Civil Code (1910), § 3131.

2. In the instant case it does not appear from the petition that the plaintiff servant did not have equal means with his master of knowing of the defects and danger of the machinery supplied. In fact, the petition, construed (as it must be) most strongly against the plaintiffs, shows that the danger was as obvious to the plaintiff as it was to the master; and, this being true, the plaintiff was not entitled to recover, notwithstanding he was assured by an agent of the master (whose duty it was to inspect and repair the machinery used by the plaintiff) that he could safely use the defective machinery, and that he (the plaintiff) used it, relying on such assurance and on the "superior knowledge" of the agent. See, in this connection, *Niblett* v. *LaGrange Mills*, 18 *Ga. App.* 173 (1) (88 S. E. 1009), and citations; *Williams* v. *Ga. S. & F. Ry. Co.*, 31 *Ga. App.* 688 (1) (121 S. E. 700).

3. Neither count of the petition set out a cause of action, and the petition was properly dismissed on general demurrer.

4. In view of the above-stated ruling, it is unnecessary to consider the questions raised in the cross-bill of exceptions.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1925.

Action for damages; from city court of Madison—Judge Lambert. December 5, 1924.

*S. Holderness,* for plaintiff.

*Miles W. Lewis, Albert G. Foster,* for defendants.