## 38258.   DeWINNE *v.* WALDREP.

DECIDED APRIL 18, 1960—REHEARING DENIED MAY 2, 1960.

*William B. Freeman, Martin, Snow, Grant & Napier, George C. Grant,* for plaintiff in error.

*Harold G. Clarke, Hugh Dorsey Sosebee,* contra.

NICHOLS, Judge. While the defendant argues that the plaintiff cannot recover because they, the plaintiff and the defendant, were engaged in an illegal enterprise, to wit: Hunting deer from a truck in violation of a Texas Statute, pleaded in the petition, as well as other reasons as to why his demurrers should have been sustained, since the plaintiff's petition was subject to general demurrer for the following reason these other contentions need not be considered.

Many decisions have been written in Georgia and elsewhere with reference to whether a person, not in a passenger's seat, is in the exercise of ordinary care for his own safety when he is

injured as the result of the operation of a motor vehicle. In *Lassiter* v. *Poss*, 85 *Ga. App.* 785 (70 S. E. 2d 411), it was held that a jury question was presented where the plaintiff, a 14-year-old girl, was injured while riding on the fender of an automobile. In *Crane Auto Parts* v. *Patterson*, 90 *Ga. App.* 257 (82 S. E. 2d 666), it was held that where an employee of the defendant directed the plaintiff, a customer of the defendants, to ride on the running board of a truck in the scope of the defendant's business and the plaintiff's injury resulted, a jury question was presented. However, in *Taylor* v. *Morgan*, 54 *Ga. App.* 426 (188 S. E. 44), it was held that, where the deceased was riding on the left running board of a coupe so that his body protruded beyond the car and was struck by a passing vehicle, he was not in the exercise of ordinary care for his own safety. This case further held (headnote 2), that while ordinarily such a case presents a question for the jury, yet if there was no necessity for the deceased to assume such a position there can be no recovery, for "A person who voluntarily assumes a position of imminent danger when there is at hand and accessible to him a place of safety, and by reason of having assumed such dangerous position he is injured, can not recover against another who is also negligent." A careful reading of these cases as well as an examination of 80 A. L. R. 553; 104 A. L. R. 312; 44 A. L. R. 2d 238; 5A Am. Jur. 752, Automobiles and Highway Traffic, § 804; and 61 C. J. S. 113, Motor Vehicles, § 490, will disclose that each such case must stand or fall on the particular circumstances shown by the pleadings or evidence.

The plaintiff in the present case was standing facing the cab of the pickup truck, was braced against the side which was only 20″ high and against a spare tire and wheel on the floor, while his right hand was being used to hold onto the right window, and while the petition is silent as to the plaintiff's left hand it must be assumed that he was using it to hold a firearm or other weapon to shoot the deer since this is allegedly why he didn't realize that it would be necessary for the defendant to turn the truck. In *Taylor* v. *Morgan*, 54 *Ga. App.* 426, 430, supra, the following language was quoted from *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708, 713 (39 S. E. 306, 54 L. R. A. 802): "If

there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to himself of doing an act he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained." The plaintiff in the present case by the exercise of ordinary care should reasonably have foreseen that to stand in the rear of a pickup truck while it traveled across an open field at 30 miles per hour was to place himself in a position where the slightest bump or turn could "throw" him out of such truck and onto the ground. Especially should this have been realized when the plaintiff's attention would not be on the route over which the truck would travel but must of necessity have to be on the deer being hunted.

The allegations of the petition affirmatively show that the plaintiff voluntarily placed himself in a place of patent danger, and the judgment of the trial court overruling the defendant's general demurrer to the petition must be reversed. The questions presented by the special demurrers are nugatory.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*