40146, 40147. DAY v. PHILLIPS (two cases).

DECIDED MAY 23, 1963.

*J. W. Waldroup, Elie L. Holton*, for plaintiff in error.

*Ewing & Hutto, Marshall Ewing*, contra.

NICHOLS, Presiding Judge. 1. The defendant relies upon the holding of this court in *DeWinne v. Waldrep*, 101 Ga. App. 570 (114 SE2d 455), to support his position that no recovery for the plaintiffs was authorized and verdicts for him were demanded. In that case, like the present case, the injuries sued for were caused by a fall from a pickup truck while the truck was in motion and while the injured person was not in a passenger's seat, but as there pointed out "each such case must stand or fall on the particular circumstances shown by the pleadings or evidence," and it cannot be said that everyone who rides in the cargo area of a pickup truck is guilty of such lack of ordinary care for his own safety that he would be barred from recovery under the provisions of *Code* § 105-603 as a matter of

law. See also *Bramlett v. Hulsey,* 98 Ga. App. 39 (104 SE2d 614).

In the *DeWinne* case, the plaintiff was standing up holding a rifle while the truck was traveling at approximately 30 miles per hour across an open field. In the present case the truck was on a paved road and the driver had been warned to start off slow because those in the cargo area, attempting to keep a mattress from falling off, might fall off themselves. The evidence, while conflicting, authorized a finding that the driver, the defendant's wife, did not start off slowly but started off with a jerk thereby causing both persons who were on the back of the truck to fall or be thrown off the back of the truck onto the paved highway. The evidence authorized verdicts for the plaintiffs and did not demand verdicts for the defendant. Accordingly, the trial court did not err in overruling the defendant's motions for judgments non obstante veredicto or his motions for new trials on the usual general grounds.

2. Special ground 4 of the amended motion for new trial complains that the trial court erred in admitting the testimony of Jesse Phillips that before the incident on which the actions were based Hazel Phillips had not complained of headaches, etc., but that afterwards she had complained of headaches, nausea, etc. Another witness, Mrs. Hazel Griffin, testified to the same facts without objection. "Error in improperly admitting evidence is not ground for reversal where the same evidence is subsequently admitted without objection." *Healan v. Powell,* 91 Ga. App. 787 (2) (87 SE2d 332). *New York Life Ins. Co. v. Ittner,* 62 Ga. App. 31 (4) (8 SE2d 582); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (3) (100 SE2d 902).

3. Special grounds 5 and 6 assign error on exclusion of certain evidence, a photograph and a rock, but neither ground sets forth or refers to where the evidence excluded may be found in the record nor does either ground set forth or refer to the objection made to such evidence.

"It is a settled rule that the reviewing court can not consider exceptions to the admission or rejection of evidence unless it is shown what was the particular objection made at the time the evidence was offered upon which the trial court made its ruling."

*Quillian v. Tuck,* 66 Ga. App. 472, 477 (17 SE2d 921). See also *Steed v. Cruise,* 70 Ga. 168 (4); *Central of Ga. R. Co. v. Jaques & Tinsley Co.,* 23 Ga. App. 396 (2) (98 SE 357); and *Jones v. Styles,* 25 Ga. App. 289 (1) (103 SE 175). And as pointed out by Judge Quillian, now Justice Quillian, in *Brewer v. Henson,* 96 Ga. App. 501, 503 (100 SE2d 661), a ground of a motion for new trial which neither sets forth, nor refers by page number to, evidence necessary for a proper consideration of such ground is incomplete and cannot be considered. Neither of these special grounds can be considered.

4. The sole remaining special ground in each case complains of the failure of the trial court to declare a mistrial on the defendant's motion after the plaintiff asked a question which the defendant considered objectionable.

The motion for new trial merely shows that the evidence was objected to and a motion for mistrial made. It does not appear upon what grounds the motion was made. Under the decision in *Whitehead v. State,* 101 Ga. App. 732 (115 SE2d 429), and the cases there cited these grounds of the motions for new trial in each case are too defective to be passed upon. And the fact that the plaintiff in error states in the ground why he objected does not aid the ground, for such allegation is not a statement of the objection actually made on the trial.

The trial court did not err in overruling the motions for new trials.

*Judgments affirmed. Frankum and Jordan, JJ., concur.*