40249, 40250.   MORAN v. MOODY (two cases).

PANNELL, Judge. Plaintiffs, wife and husband, brought separate actions for damages against a defendant driver of a pickup

truck in which the husband was riding as a guest passenger, alleging that at the time and place of the injuries to the husband the speed limit was 25 miles per hour, and the defendant, in utter disregard of the safety of the husband who was occupying the rear section of the pickup truck, thereupon drove and operated the pickup truck at the speed of 50 to 55 miles per hour, causing a bed mattress which was located in the rear of said pickup truck to fly up and crash against the husband, knocking him completely from and out of the rear of said pickup truck onto the pavement and, as a result thereof, the husband was severely injured; and, that the injuries to the husband and the consequential damages to the two plaintiffs were caused solely by the gross negligence and carelessness of the defendant and were not due to any carelessness or negligence of the husband, in that the defendant failed to operate the pickup truck at a speed that was reasonable and prudent under the conditions and to have such control over said pickup truck and regard for the actual and potential hazard then existing to avoid injuring the husband in violation of *Code Ann.* § 68-1626 (a), and failed to operate the pickup truck in a reasonable and prudent manner so as to avoid injury to the husband, and failed to operate the pickup truck within the lawful speed restriction, to wit, 25 miles per hour. *Held:*

1. As against a general demurrer the general allegations of negligence are sufficient to set forth a cause of action. If the defendant desired more particularity as to the negligence alleged, he should have sought such information by special demurrer. *Hudgins v. Coca-Cola Bottling Co.,* 122 Ga. 695 (50 SE 974).

2. It does not appear affirmatively from the pleadings in the instant case that the husband, by the exercise of ordinary care, could have avoided the consequences of the defendant's alleged negligence (*Code* § 105-603), nor that the husband, by riding in the rear of the pickup truck, was guilty of such negligence as would bar a recovery, *Day v. Phillips,* 107 Ga. App. 824 (131 SE2d 778), *Lassiter v. Poss,* 85 Ga. App. 785 (1b) (70 SE2d 411), as was true in *Taylor v. Morgan,* 54 Ga. App. 426 (188 SE 44), and *DeWinne v. Waldrep,* 101 Ga. App. 570 (114 SE2d 455), relied upon by plaintiff in error.

3. The trial judge did not err in overruling the general demurrers to the petitions.

*Judgments affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 19, 1963.

*Wm. A. Zorn, J. Kenneth Royal,* for plaintiff in error.
*Richardson & Doremus, Willis J. Richardson, Jr., Stanley Karsman,* contra.