### 69054. LITTLE v. LITTLE.

(325 SE2d 624)

SOGNIER, Judge.

Mellie Little sued John Little seeking to recover monies she claimed from the sale of her former house and for improvements made to John Little's house. She also claimed she was entitled either to the title or the value of an automobile in John Little's possession, as well as damages for conversion of various items of personal property. The jury returned a verdict in favor of Mellie Little and John Little appeals.

1. Appellant contends that the trial court erred by denying his motion for a directed verdict. The standard of appellate review of a trial court's denial of a motion for a directed verdict is the "any evidence test." *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983). Appellee's evidence was sufficient to support the jury's verdict. Therefore, the trial court did not err in denying appellant's motion for directed verdict. See OCGA § 9-11-50 (a); *McFarland v. Hodge Homebuilders, Inc.*, 168 Ga. App. 733 (3) (309 SE2d 853) (1983).

2. Appellant also contends the trial court erred by giving certain charges regarding conversion, beneficial trust, false pretense and false promise. However, appellant failed to object to these charges. A party may not complain of the giving or failure to give an instruction to the jury unless he objects to the instruction before the jury returns its verdict, stating distinctly his objection and the grounds of his objection. OCGA § 5-5-24 (a). " 'Failure to except before verdict generally results in a waiver of any defects in the charge [cit.], the exception under [OCGA § 5-5-24 (c)] applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice.' " *Durrett v. Farrar*, 130 Ga. App. 298, 306 (8) (203 SE2d 265) (1973); *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982). We find no blatant or prejudicial error in the complained of charges. Therefore, we affirm the judgment.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 30, 1984 —
REHEARING DENIED DECEMBER 18, 1984.

*G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*Troy R. Millikan,* for appellee.