77280. STONE v. COOK.
(378 SE2d 142)

BEASLEY, Judge.

Cook, a farm laborer, suffered a broken foot while riding on the fender of a tractor owned and driven by Stone, Cook's employer. Cook sued for damages resulting from Stone's alleged negligence. Stone contends there is no evidence that he was negligent and that if

there is, Cook is precluded from recovery because he assumed the risk by riding on the fender. The jury, after being instructed on the principles of negligence, accident, assumption of the risk, comparative negligence, and contributory negligence, returned a verdict for Cook. Stone enumerates as error the trial court's denial of his motions for directed verdict and judgment notwithstanding the verdict.

1. The issues of a directed verdict or judgment n.o.v. are reviewed on the same basis. *Horton v. City of Macon*, 144 Ga. App. 380, 381 (2) (241 SE2d 311) (1977). "[T]he question before this court is not whether the verdict and the judgment of the trial court was merely authorized, but is whether a contrary judgment was demanded." *Simon v. McGee Plumbing &c. Co.*, 164 Ga. App. 667, 668 (2) (299 SE2d 388) (1982). OCGA § 9-11-50 (a). A judgment n.o.v. is properly granted only when there can be only one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (256 SE2d 916) (1979); *Pendley v. Pendley*, 251 Ga. 30, 31 (302 SE2d 554) (1983).

Based upon the foregoing principles the issue is whether the jury's verdict was sustained by any evidence.

The incident occurred when Cook and employer Stone were bringing in a load of tobacco from the field. Cook hooked a hydraulic lift trailer to the rear of the tractor. As was customary, Cook sat on the shelf of one of the fenders covering the tractor wheels to ride to the barn. Stone, to avoid driving around a harvester several yards in front of the tractor, put the tractor in reverse. Without warning, he started to back up. The tractor bogged down in the muddy soil, causing the hydraulic lift to rise and trap Cook's foot between the lift and the tractor, breaking it.

Stone's motions urged the following: (1) the evidence was insufficient to support a finding for Cook and demanded a verdict for Stone; (2) there was no evidence proving any act of negligence by Stone which caused Cook's injury; (3) Cook voluntarily assumed the risk of danger and injury to himself; and (4) the injury was the result of an accident. The two cases on which appellant principally relies are *Swails v. Carpenter*, 112 Ga. App. 117 (144 SE2d 182) (1965), and *DeWinne v. Waldrep*, 101 Ga. App. 570 (114 SE2d 455) (1960). Neither is dispositive because of distinguishable fact patterns.

In *Swails* the plaintiff was injured when he drove a tractor into a stump hole in defendant's muddy field for the second time. Only moments earlier, the defendant had helped plaintiff remove the tractor from the very same hole. Holding for defendant, this Court ruled that in order for an employee to recover from his employer for injuries

sustained for failure to comply with what is now OCGA §§ 34-7-20 and 34-7-23, the employer must have been negligent, and the employer's negligent act or omission to act must have been the proximate cause of the injury. Even if an employer is negligent, he is not liable for injuries sustained by the employee where it appears that the employee had equal knowledge or means of knowing of the danger, and the danger was as obvious to the employee as it was to the employer. OCGA § 34-7-23. See *Bowers v. L. & N. R.*, 33 Ga. App. 692 (1 & 2) (127 SE 667) (1925). In suits based upon the negligence of an employer as governed by the two code sections, the employee must show that "the [employer] knew or ought to have known . . . of the defects or danger in the machinery supplied, and it must also appear that the [employee] injured did not know and had no equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." *Swails*, supra at 123. Based upon these principles of law, appellant contends that he was entitled to judgment as a matter of law, irrespective of the jury's verdict.

The plaintiff/employee in *Swails* failed to establish that the employer's failure to exercise ordinary care was the proximate cause of plaintiff's injury. He also failed to show he did not have equal means of knowing of the danger. Plaintiff had driven the tractor into the stump hole once and knowing of the danger, voluntarily drove into the hole again. The court concluded that the injuries to the employee were the result of "pure accident."

Stone, on the other hand, testified to his knowledge of the danger: Q. "Mr. Stone . . . had you gone forward instead of backwards there would have been no risk of that tractor bucking and, of course, breaking Mr. Cook's foot . . . ?" A. "That couldn't happen if I'd have went forward, true." Q. "Do you agree that going backwards is more risky than going forwards." A. "In relation to what?" Q. "The trailer bucking up and, of course, crushing Mr. Cook's foot . . ." A. "It would be more likely to happen going in reverse than forward, true."

Further, Cook had no way of knowing Stone would drive the tractor in reverse. If Cook had no knowledge of a risk or did not appreciate the danger to himself, he cannot be said to assume the risk. *Owens-Illinois v. Bryson*, 138 Ga. App. 78 (225 SE2d 475) (1976); 53 AmJur2d 313, Master & Servant, § 278 (1970); Prosser & Keeton, Torts (5th ed.), § 68 at 487 (1984). It was a jury question whether, without a warning, Cook may have had knowledge of the danger and thereby assumed the risk.

*DeWinne* is not a suit against an employer. The plaintiff was on a deer hunting trip and was holding his rifle while standing up in the back of a pickup truck which was traveling at 30 m.p.h. across a field dotted with trees, when he fell from the truck and was injured. The risk of injury was blatant. Here Cook was sitting on the fender of a

tractor traveling less than one m.p.h. Because the risk was not obvious, this issue was properly left to the jury. *Louisville & N. R. Co. v. Crapps*, 62 Ga. App. 437, 446 (1) (8 SE2d 413) (1940).

We recapitulate the facts and principles that meet the requirement of authorities, including those cited by appellant. Stone was fully aware that Cook was riding on the fender of the tractor. It was proper for the jury to find that when Stone decided to back the tractor up knowing that the hydraulic lift would rise upward, he should reasonably have known or anticipated that Cook could be injured in the process. Whether it was reasonably foreseeable that such an injury might occur, whether a warning would have prevented the injury, whether driving forward instead of backward would have avoided the injury, and whether in totality Stone exercised ordinary care, are questions of fact on which the jury could differ. It is likewise regarding whether Cook assumed the risk by riding on the tractor's fender and whether he could have avoided the consequences of Stone's negligence after it became known to him. See, e.g., *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811 (278 SE2d 712) (1981); *Thigpen v. Executive &c. of Baptist Convention*, 114 Ga. App. 839 (152 SE2d 920) (1966); *Lassiter v. Poss*, 85 Ga. App. 785 (70 SE2d 411) (1952) [a jury question was presented where a fourteen-year-old minor was injured while riding on the fender of an automobile]; *Smith v. American Oil Co.*, 77 Ga. App. 463 (49 SE2d 90) (1948) (overruled on other grounds *Union Camp Corp. v. Helmy*, 258 Ga. 263, 268 (367 SE2d 796) (1988)) (it is a jury question whether riding on the fender of a truck constitutes negligence or assumption of the risk). See also cases cited in *Simowitz v. Register*, 60 Ga. App. 180, 181-2 (3 SE2d 231) (1939).

"In the absence of legal error, an appellate court is without jurisdiction [or authority] to interfere with a verdict supported with some evidence, even where the verdict may be against the preponderance of evidence." *Thompson v. Hill*, 143 Ga. App. 272, 276 (238 SE2d 271) (1977). Based on the evidence here, the court correctly denied Stone's motions for directed verdict and judgment notwithstanding the verdict.

2. Cook's motion to impose a penalty against Stone for filing a frivolous appeal, pursuant to OCGA § 5-6-6, is denied. After a close examination of the record and the arguments made by Stone, it cannot be concluded that he filed this appeal "solely for the purpose of delay." Although his enumerations of error are without merit, the appeal was based upon reasonable arguments. Damages pursuant to OCGA § 5-6-6 "are granted only where this court is fully convinced the case was appealed for delay only." *Scales v. American Lease Plans*, 153 Ga. App. 670, 672 (3) (266 SE2d 323) (1980); *Prattes v. Southeast Ceramics*, 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 24, 1989.

*Reinhardt & Whitley, Glenn Whitley*, for appellant.
*Morris & Webster, F. Leonard Morris, Jr., Craig A. Webster*, for appellee.