A97A1245. RUBEN'S RICHMOND DEPARTMENT STORE
v. WALKER.
(490 SE2d 536)

BLACKBURN, Judge.

Ruben's Richmond Department Store (the store) appeals the $70,000 judgment rendered against it by the jury in the underlying action brought by Cynthia Walker to recover for personal injuries she received while attempting to board the store's elevator. On appeal, the store contends that the trial court erred in allowing certain evidence to be presented to the jury and in failing to grant its motion for directed verdict or motion for judgment n.o.v. For the reasons set forth below, we affirm the jury's award.

1. In its first and second enumerations of error, the store asserts that the trial court erred in denying its motion for directed verdict and motion for judgment n.o.v. "The standard of appellate review of a trial court's denial of a motion for a directed verdict is the 'any evidence test.' *Little v. Little,* 173 Ga. App. 116 (1) (325 SE2d 624) (1984). The issues of a directed verdict and judgment n.o.v. are reviewed on the same basis. The question before this court is not whether the verdict and the judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded. A judgment n.o.v. is properly granted only when there can be only one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. *Stone v. Cook,* 190 Ga. App. 11 (1) (378 SE2d 142) (1989)." (Citations and punctuation omitted.) *Professional Consulting Svcs. of Ga. v. Ibrahim,* 206 Ga. App. 663, 665 (426 SE2d 376) (1992).

The plaintiff, Cynthia Walker, testified that she was injured while boarding the elevator in the store on February 25, 1994.

Walker testified that as she was stepping into the elevator with her right foot, the elevator was "making some kind of noise and it shook." She was shaken off balance, her foot got caught between the floor and the elevator, and she fell to her knee. Her foot was lodged from her toe to her instep. Firemen used a Hurst machine to pry open the space where her foot was caught.

This Court has long recognized that mechanical devices get "out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone." *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 798 (388 SE2d 920) (1989). Evidence of negligence is, therefore, required in the present action. "The standard of care applicable to common carriers is applicable to [the store] in this case. See *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456 (2) (475 SE2d 188) (1996). That standard provides that a common carrier of passengers is not an insurer of the safety of its passengers, but must exercise extraordinary diligence to protect the lives and persons of its passengers. [OCGA § 46-9-132.] Extraordinary diligence is defined as that extreme care and caution which very prudent and thoughtful persons exercise under the same or similar circumstances. [OCGA § 51-1-3.] *Southeastern Stages v. Stringer*, 263 Ga. 641 (437 SE2d 315) (1993)." (Citations and punctuation omitted.) *Sparks v. MARTA*, 223 Ga. App. 768 (1) (478 SE2d 923) (1996). Slight negligence is found in the absence of such extraordinary diligence. See *Millar Elevator*, supra at 458. Therefore, we must review the present record to determine if it contains any evidence of slight negligence by the store owner.

Walker presented the testimony of Harry Jackson, a former inspector for the Georgia Department of Labor (DOL). Jackson testified that he had inspected the subject elevator in 1988 and 1989 as part of his job with the DOL. At the May 24, 1988, inspection, Jackson noted that a required five-year test had not yet been done on the elevator, and he gave the store until November 1988 to have the test completed. When Jackson re-inspected the elevator on February 28, 1989, the five-year test had still not been done. The store had also failed to add a required communication device and had not fixed the pit light, problems that had been noted in 1988. He further noted that the elevator was not leveling properly and that there was water in the pit. Jackson extended the time for compliance until March 1989. On June 28, 1989, Jackson returned for a compliance inspection, but he was unable to inspect the elevator because it was being painted. On July 12, 1989, Jackson again attempted to conduct a compliance inspection of the elevator but was unable to do so. The owner told him that he could not inspect the elevator because no one was available to go with him, but that most of the items had been corrected. Following this visit, Jackson sent a report to his supervisor

regarding the lack of cooperation he had received from the owner regarding compliance with his recommendations for violation corrections. Jackson left his job with the DOL and was not further involved with the store.

The DOL inspection report dated February 1, 1990, indicated that a five-year test had been conducted and a communication device and pit light were installed. The DOL inspects elevators twice a year. Between the February 1, 1990, inspection and the January 25, 1994, inspection, the DOL inspectors did not note any adverse conditions present. The owner testified that the store did not have a service contract for maintenance and repair on the elevator, but that the store's mechanic serviced the elevator and "took care of whatever needed to be done." The owner did not have any records of having repaired the 1989 leveling problem, but testified that it had been fixed. The owner admitted that she did not report the subject incident to the DOL because she was unaware that she was required by law to do so. After this incident, the elevator was repaired by U. S. Elevator employee Walton Bennicky. Bennicky repaired the door bracket and straightened the sill allegedly damaged by the Hurst Machine used to pry loose Walker's foot. The elevator worked normally after his repairs.

"A directed verdict is proper only if 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict." (Punctuation omitted.) *Norfolk Southern R. Co. v. Perkins*, 224 Ga. App. 552, 555 (481 SE2d 545) (1997). Our review of the evidence in the light most favorable to Walker indicates that a verdict was not demanded in the store's favor, and that the jury was authorized to find that the store failed in its duty of extraordinary care to service and repair the elevator and that Walker's injury resulted from the defective condition of the subject elevator which the store failed to properly maintain.

2. The store asserts that the trial court erred in allowing the jury to consider evidence that an inspection made by the DOL on February 28, 1989, revealed a leveling problem. The store contends that this evidence was irrelevant as the incident at issue did not occur until February 25, 1994, almost five years later.

"Questions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere." (Punctuation omitted.) *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 266 (4) (387 SE2d 593) (1989). As the issues in the present case involved a store owner's duty of extraordinary care in the maintenance and service of its elevator, we cannot say that the trial court abused its dis-

cretion in allowing into evidence the 1989 inspection reports. Such evidence would be relevant to demonstrate the defendant's service and maintenance practices for the jury's consideration.

3. The store contends that the trial court erred in allowing evidence of its failure to submit a post-accident report to the DOL.

Although the trial court overruled the store's motion in limine and indicated that it would allow the jury to consider evidence of the store's failure to submit a post-accident report, Walker did not introduce any such evidence. In fact, it was the owner who testified as to her failure to file the report in response to her own attorney's question.

We find no reversible error as "one may not complain of a judgment, order, or ruling that his own procedure or conduct aided in causing." (Punctuation omitted.) *Spearman v. Ga. Bldg. Auth.*, 224 Ga. App. 801, 805 (482 SE2d 463) (1997). Additionally, such evidence was otherwise admissible. See OCGA § 8-2-106; *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523 (484 SE2d 249) (1997) (failure to comply with OCGA § 8-2-106 (c) contitutes a form of spoliation of evidence).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 31, 1997.

*Glover & Blount, Percy J. Blount,* for appellant.
*Eubanks & Bond, Michael C. Eubanks, Katherine F. Bond,* for appellee.