### A97A2507. PULTE HOME CORPORATION v. WOODLAND NURSERY & LANDSCAPES, INC.
#### (496 SE2d 546)

BLACKBURN, Judge.

Woodland Nursery & Landscapes, Inc. (Woodland) brought the underlying action for breach of contract against Pulte Home Corporation (Pulte). Pulte counterclaimed for breach of contract. After a trial, the jury awarded damages and attorney fees to Woodland and declined to award any set-off damages in connection with Pulte's counterclaim. Pulte appeals the jury verdict contending several errors occurred at trial.

1. Pulte contends that the trial court erred in allowing Woodland to present evidence contradicting an admission contained in its responses to Pulte's request to admit pursuant to OCGA § 9-11-36.

"Any matter admitted under [OCGA § 9-11-36] is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. . . . In determining this issue, we must recognize that the intended purpose of [the Code section] is the facilitation of proof at trial. In form and substance an admission under [OCGA § 9-11-36] is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evidentiary admission of a party. A judicial admission, unless allowed to be withdrawn by the court, is conclusive whereas an evidentiary admission is not conclusive but is always subject to be contradicted or explained. . . . Past decisions of this court have recognized the binding effects of admissions under [OCGA § 9-11-36]. In *ETI Corp. v. Hammett*, 140 Ga. App. 618 (231 SE2d 545) (1976) it was held that evidence was not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint." (Citations, punctuation and emphasis omitted.) *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407-408 (283 SE2d 632) (1981).

In *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 732 (2) (353 SE2d 847) (1987), we determined that the ALJ improperly "disbelieved" the claimant's admissions in judicio. We held that "[n]o motion was made to contradict or amend these admissions; therefore, the ALJ was not at liberty to disbelieve any of them based on other evidence. They are facts, residing now in the body of the court, and

they cannot be contradicted, varied or amended except on *formal motion*." (Emphasis in original.) Id.

In the present case, Woodland admitted that it "agreed and consented to perform all of the terms and obligations of the form agreement contained in Exhibit 'A' and the attachments thereto." Exhibit A included two documents entitled "Schedule 'B' Performance Requirements and Specifications." Both of these documents were signed by Amy Mumma. At trial, Woodland was allowed, over Pulte's objection, to present evidence that Mumma did not have authority to sign contracts on behalf of Woodland. Because Woodland admitted that it agreed to the obligations contained in the documents signed by Mumma, Woodland should not have been allowed to present evidence regarding Mumma's lack of authority to sign for it. Woodland's obligation to perform according to the documents was conclusively established by its admission, and it failed to formally move for withdrawal of same. Therefore, the trial court erred in allowing the presentation of evidence contradictory to the admissions. On the record before us, we cannot say that such error was harmless; thus, the judgment must be reversed and the case remanded for a new trial. Due to the trial court's error in allowing evidence contradicting Woodland's admission we must reverse the jury verdict; however, because Pulte's enumerations of error contain issues which could recur upon any retrial of this case, such enumerations will also be addressed.

2. In several enumerations of error,[1] Pulte contends that the trial court erred in denying its motion for directed verdict and motion for judgment n.o.v or new trial. "The standard of appellate review of a trial court's denial of a motion for a directed verdict is the any evidence test. *Little v. Little*, 173 Ga. App. 116 (1) (325 SE2d 624) (1984). The issues of a directed verdict and judgment n.o.v. are reviewed on the same basis. The question before this court is not whether the verdict and the judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded. A judgment n.o.v. is properly granted only when there can be only one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. *Stone v. Cook*, 190 Ga. App. 11 (1) (378 SE2d 142) (1989)." (Punctuation omitted.) *Ruben's Richmond Dept. Store v. Walker*, 227 Ga. App. 867 (1) (490 SE2d 536) (1997).

---

[1] We note that several of Pulte's enumerations of error contain more than one assertion of error in violation of OCGA § 5-6-40. Therefore, we have treated each enumeration as arguing only one issue. See *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (c) (397 SE2d 567) (1990).

Woodland is a landscaping subcontractor who provided landscaping for certain Pulte developments. The parties entered a subcontractor agreement form covering the work to be performed. Woodland contends that Pulte breached the contract by withholding payment for services properly invoiced thereby justifying their failure to continue providing services under the contract. Pulte contends that Woodland breached the contract by such failure and by performing the services it did provide in a negligent manner. By its responses to Pulte's requests to admit, Woodland admitted that it agreed to certain contract specifications. The evidence was disputed as to whether Pulte's actions in withholding payment breached the terms of the contract. The evidence also created disputes as to whether Woodland breached the contract prior to the alleged failure of Pulte to pay. As the evidence does not demand a judgment contrary to that reached by the jury, we find that the trial court did not err in denying Pulte's motions for directed verdict and judgment n.o.v. or new trial.

3. Pulte enumerates as error the trial court's jury charge on interest. In its brief, Pulte argues that there was no evidence to support an award of prejudgment interest because the amount of the debt was not liquidated.

"Allowance of interest in actions for unliquidated damages arising from breach of contract is governed by OCGA § 13-6-13 which states: In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery. *Norair Engineering Corp. v. Saint Joseph's Hosp.*, 147 Ga. App. 595, 604 (6) (249 SE2d 642) (1978). The jury in their discretion may increase the immediate amount of damages found, by an allowance of interest. *Bennett v. Tucker & Pennington*, 32 Ga. App. 288, 293 (123 SE 165) (1924)." (Citations and punctuation omitted.) *Carpet Transport v. Kenneth Poley Interiors*, 219 Ga. App. 556, 559 (4) (466 SE2d 70) (1995). Therefore, the trial court did not err in charging the jury regarding interest.

4. Pulte contends that the trial court erred in denying its motion for directed verdict and motions for post-judgment relief regarding attorney fees pursuant to OCGA § 13-6-11.

"A review of the record shows the existence of a bona fide controversy as to [Woodland's claims and Pulte's claims in set-off]. The existence of such a bona fide controversy would preclude a recovery of OCGA § 13-6-11 attorney's fees on the theory that [Pulte] had been stubbornly litigious or caused [Woodland] unnecessary expense, notwithstanding that the jury ultimately resolved that controversy in favor of [Woodland]. See *Ginsberg v. Termotto*, 175 Ga. App. 265, 267 (3) (333 SE2d 120) (1985). Compare *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990)." *Williams Tile &c.*

*Co. v. Ra-Lin & Assoc.*, 206 Ga. App. 750, 752 (5) (426 SE2d 598) (1992).

Nor are attorney fees recoverable on the basis of Pulte's alleged bad faith. The record reveals that, although there was evidence of Pulte's failure to pay certain invoices, "there was insufficient evidence of [Pulte's] *bad faith* in entering into the subcontract or its performance thereof. There was no showing that [Pulte] acted through ill will or furtive design with regard to the performance of the contract. Since there was no evidence from which a jury could find that the contract was made in bad faith or that [Pulte] breached it as a result of some sinister motive, the award of attorney's fees cannot be sustained on the basis of bad faith. . . . A recovery of OCGA § 13-6-11 attorney's fees in a contract action must be based upon evidence which shows *more* than a mere breach of contract." (Citation and punctuation omitted; emphasis in original.) Id. at 752-753. Therefore, the trial court erred in denying Pulte's motion for directed verdict as to its non-liability for OCGA § 13-6-11 attorney fees.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 4, 1998.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., James S. Teague, Jr.*, for appellant.

*Bross & Saginar, Gary W. Bross*, for appellee.