A89A2315. CRUDUP et al. v. POST PROPERTIES, INC. et al.
(393 SE2d 9)

CARLEY, Chief Judge.

Seeking to recover for the death of their son, appellant-plaintiffs filed this wrongful death action against numerous defendants, including appellee-defendants Post Properties, Inc. and Post Corners Limited. After answering, appellees moved for summary judgment. For purposes of appellees' motion for summary judgment, the following facts were stipulated:

"On May 31, 1986, John N. Crudup, Jr. (age 25) and defendant ROBERT THOMAS RHODES (age 22) resided in separate apartments owned by defendant POST CORNERS, LTD., and managed by defendant POST PROPERTIES, INC. in an apartment complex known as Post Corners. Defendant POST PROPERTIES, INC. scheduled for May 31, 1986, a party at the pool at Post Corners. The party was scheduled to begin at 5:00 p.m. and end at 8:00 p.m. Defendant POST PROPERTIES, INC. provided food, drinks and alcoholic beverages to individuals who attended the party. Employees of defendant POST PROPERTIES, INC. were present at the party. Defendant RHODES, John W. Crudup, Jr., Vivian Taylor and Julie Pierce attended the party. While at the party, defendant RHODES

and Crudup consumed alcoholic beverages and became noticeably intoxicated. Crudup knew that defendant RHODES was noticeably intoxicated. Anyone who saw defendant RHODES and Crudup would have been able to see that they were noticeably intoxicated. There exist genuine issues of material fact as to whether employees of defendant POST PROPERTIES, INC. knew or should have known that Crudup and defendant RHODES were noticeably intoxicated; continued to consume the alcoholic beverages after becoming noticeably intoxicated; and were going to leave the party in an automobile. Sometime after 8:00 p.m., defendant RHODES, Crudup, Pierce and Taylor left the party to go to defendant RHODES' apartment. As the group left, defendant RHODES entered his vehicle and sat in the driver's seat with Pierce in the front passenger seat. Defendant RHODES invited Crudup and Taylor to jump upon the hood of the vehicle and to ride back to defendant RHODES' apartment. Crudup and Taylor proceeded to do so. Crudup and Taylor could have sat in the rear passenger seat of the vehicle. The vehicle proceeded for approximately 600 ft. and turned to the left. As the vehicle turned to the left, Crudup was either thrown off or fell off the hood and subsequently died of head injuries received during the fall. Defendant RHODES was negligent in his operation of the motor vehicle and RHODES' negligence caused the death of Crudup. Chemical analysis of the blood of defendant RHODES and Crudup indicated that at the time of the incident there was a .16% alcohol content in defendant RHODES' blood and .14% alcohol content in the blood of Crudup."

Based upon these stipulated facts, the trial court focused upon the relationship between appellees, as providers of alcohol, and appellants' deceased son, as a consumer of that alcohol, and concluded that no recovery would be authorized for the reasons set forth in *Sutter v. Hutchings*, 254 Ga. 194, 198 (fn. 7) (327 SE2d 716), which states in part: "Although the provider owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety. [Cit.] As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider. [Cit.]" Appellants appeal from the grant of summary judgment in favor of appellees.

*Sutter v. Hutchings*, supra, is factually distinguishable insofar as it concerns the right of an intoxicated driver to recover from the provider of the intoxicants. At the time of his death, appellant's son was intoxicated but he was *not driving* a vehicle. However, it is also true that, at the time of his death, appellant's intoxicated son was *not* a

vehicular passenger in the usual and ordinary sense. He was killed when he was thrown from the hood of the car. Accordingly, cases which concern the right of a passenger to recover for injuries inflicted by an intoxicated driver are also factually distinguishable and have no bearing on the resolution of this appeal, because no injury to a "passenger" is at issue here. "Many decisions have been written in Georgia and elsewhere with reference to whether a person, not in a passenger's seat, is in the exercise of ordinary care for his own safety when he is injured as the result of the operation of a motor vehicle. . . . A careful reading of these cases . . . will disclose that each such case must stand or fall on the particular circumstances shown by the pleadings or evidence." *DeWinne v. Waldrep*, 101 Ga. App. 570, 571-572 (114 SE2d 455) (1960). Thus, the decisive issue is whether, under the "particular circumstances" shown by the evidence in the instant case, appellants' deceased son's *lack* of status as a passenger is such as to authorize the grant of summary judgment in favor of appellees.

*Taylor v. Morgan*, 54 Ga. App. 426, 431 (188 SE 44) (1936) is the controlling authority under the "particular circumstances" of this case: " 'The law is well settled that where a person voluntarily assumes a position of imminent danger when there is at hand and accessible to him a place of comparative safety, and by reason of his having taken that dangerous position he is injured, he can have no recovery against another who is also negligent, because such person's negligence in taking the position is one of the direct and proximate causes of the injury and contributes thereto.' [Cits.]" Thus, even if appellees were negligent in serving intoxicants to the driver of the car, it is nevertheless undisputed that appellants' adult son voluntarily chose to ride on the hood of a car that was operated by a highly intoxicated driver, rather than to occupy an available passenger seat inside of the car. Compare *Stone v. Cook*, 190 Ga. App. 11 (378 SE2d 142) (1989) (no blatant danger in riding on fender of tractor traveling at one mile per hour); *Moran v. Moody*, 108 Ga. App. 350 (133 SE2d 98) (1963) (occupying rear of pickup truck not bar to recovery); *Day v. Phillips*, 107 Ga. App. 824 (131 SE2d 778) (1963) (occupying rear of pickup truck not bar to recovery); *Crane Auto Parts v. Patterson*, 90 Ga. App. 257 (82 SE2d 666) (1954) (no available seat in interior of the truck); *Lassiter v. Poss*, 85 Ga. App. 785 (70 SE2d 411) (1952) (minor riding on fender). Obviously, if appellants' son had chosen to ride as a passenger inside the car, he would not have been thrown from the hood to the ground when the intoxicated driver turned a corner in a negligent manner. " 'If there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability . . . of danger to himself of doing an act he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such dan-

ger exists, as well as to avoid the consequences of the same after its existence is ascertained.' [Appellants' adult son] in the present case by the exercise of ordinary care should reasonably have foreseen that to [ride on the hood of a car while it was being operated by a highly intoxicated driver] was to place himself in a position where the slightest bump or turn could 'throw' him [from the hood] and onto the ground." *DeWinne v. Waldrep,* supra at 572-573.

Accordingly, applying the right-for-any-reason rule, the trial court's grant of summary judgment in favor of appellees must be affirmed on the basis that the voluntary election of appellants' adult son to assume a position of imminent danger serves to bar a recovery for his resulting death as a matter of law.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Beasley, J., concurs specially. McMurray, P. J., and Pope, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur in the judgment, but it should be made clear that we are not ruling on the liability of the driver or implying that such a ruling would of necessity follow. The last paragraph of the opinion may give the impression otherwise.

As between him and the deceased, there is evidence which would support the theory of comparative negligence. As between the alcohol providers and the deceased, however, there is no evidence from which it reasonably could have been foreseen that a person would ride upon the hood of a car when leaving the party with an alcohol-imbibing guest. As to the alcohol providers, then, the hood-rider's own negligence conclusively establishes their non-liability.

McMURRAY, Presiding Judge, dissenting.

Plaintiffs' claim is predicated on the Post defendants (Post Properties, Inc. and Post Corners, Limited) providing alcoholic beverages to defendant Rhodes and is not predicated on the Post defendants providing alcoholic beverages to Crudup. Plaintiffs do not allege that the alcohol consumed by Crudup contributed to the cause of his death and it is stipulated that the negligence of defendant Rhodes caused the death of Crudup. A person who furnishes alcohol to a noticeably intoxicated person, knowing that such person will soon be driving his or her vehicle, is liable for injuries caused to third persons by the negligence of such intoxicated driver. *Sutter v. Hutchings,* 254 Ga. 194, 195 (1) (327 SE2d 716); *Tibbs v. Studebaker's of Savannah,* 184 Ga. App. 642 (362 SE2d 377). Examining this principle together with the stipulated facts viewed in the light most favorable to plaintiffs, I would hold that plaintiffs have established a prima facie case. In other words, a jury could conclude that the Post defendants pro-

vided alcoholic beverages to a noticeably intoxicated defendant Rhodes knowing that he would soon drive his motor vehicle and are thus liable for Crudup's death caused by the negligence of defendant Rhodes.

This case is somewhat different than earlier cases involving the liability of providers of alcoholic beverages in that in this case the injured third party was not a stranger to the intoxicated driver, but instead a passenger who had knowledge of the driver's intoxication. Nonetheless, knowledge on the part of a passenger that a driver is intoxicated is not, as a matter of law, knowledge that the driver is so much under the influence of intoxicants as not to be able to drive safely. Therefore, a passenger's knowledge of the driver's intoxication does not preclude his recovery from the driver. *Petroleum Carrier Corp. v. Jones*, 127 Ga. App. 676, 679 (2), 681 (194 SE2d 670); *Trussell v. Lawrence*, 120 Ga. App. 39, 43 (169 SE2d 611); *Stukes v. Trowell*, 119 Ga. App. 651, 652 (168 SE2d 616). It follows that a passenger's knowledge of the driver's intoxication does not preclude his recovery from the provider of alcoholic beverages.

Nonetheless, the majority has determined that Crudup lacks the status of a passenger since he was traveling upon the hood of the car and that this lack of *status* is such as to authorize the grant of summary judgment to the Post defendants under the "particular circumstances" of the case sub judice. I cannot agree with these conclusions and therefore, I respectfully dissent.

Whether or not a person traveling in or upon a vehicle occupies a passenger seat, the fundamental principles governing the traveler's action against a negligent driver remain the same. In the case sub judice, the negligence of the driver is stipulated. The record also contains evidence supporting various defenses to plaintiffs' claim.

Regardless of the majority's determination that Crudup lacked status as a "passenger," the issue upon which this case turns is whether a defense to plaintiffs' claim is established without contradiction or as a matter of law. The law favors a jury determination of the issues in a negligence case including those related to defenses, and such issues are not ordinarily susceptible to summary adjudication unless no other conclusion is permissible. *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 836 (331 SE2d 899); *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895).

It has repeatedly been held that mere knowledge of a dangerous situation does not necessarily constitute that full appreciation which would be a bar to recovery. *City of Eatonton v. Few*, 189 Ga. App. 687, 691 (5) (377 SE2d 504); *Newman v. Collins*, 186 Ga. App. 595, 597 (367 SE2d 866); *Phillips v. Lindsey*, 184 Ga. App. 728, 729 (362 SE2d 491). This principle was applied to reach a holding that a passenger's knowledge of a driver's intoxication does not preclude his re-

covery from the driver in *Petroleum Carrier Corp. v. Jones*, 127 Ga. App. 676, 679 (2), supra, and also applied to reach a holding that riding on a fender does not preclude recovery from the driver in *Lassiter v. Poss*, 85 Ga. App. 785, 787 (1), 788 (70 SE2d 411). In my view, there is no reason the juxtaposition of these two situations in the case sub judice should be viewed as a bar to recovery. Alternatively stated, there is no evidence which demands a conclusion that Crudup had a full appreciation of the danger to himself arising from Rhodes' intoxication, arising from riding on the hood of Rhodes' automobile, or arising from the juxtaposition of these factors. Thus, I would hold that genuine issues of material fact remain for a jury and reverse the superior court's grant of summary judgment to the Post defendants.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED MARCH 9, 1990 —
REHEARING DENIED MARCH 28, 1990 — 

*John N. Crudup*, for appellants.
*Smith, Carter, Gambrell & Russell, Thomas E. McCarter, David A. Handley*, for appellees.