## A90A2306. BOOTH v. JOHNSON.
(402 SE2d 523)

POPE, Judge.

Sharilee B. Booth was involved in an automobile collision with Kim Marie Johnson. Johnson brought an action against Booth alleging the collision was caused by Booth's negligence; Booth answered and counterclaimed, alleging the collision was caused by Johnson's negligence. The record shows a pre-trial order was signed by both parties and the trial judge and filed on November 29, 1989. Trial of the case commenced on June 18, 1990.

Four days prior to trial, on June 14, Booth ("defendant") filed a motion to amend the pre-trial order to add a witness. In an affidavit filed in support of the motion, defendant's attorney affirmed that the witness was newly discovered and plaintiff's attorney was provided the name, address and telephone number of the witness on June 13. The witness' testimony was proffered at trial but the trial judge refused to allow the testimony to be presented to the jury because she had not been identified in the pre-trial order. Defendant appeals.

1. We must hold, as defendant asserts in her enumeration of error, that the trial court abused its discretion in refusing to permit defendant to amend the pre-trial order to add the witness. The pre-trial order contained the following language: "Defendant reserves the right to call additional 'may call' witnesses, providing the names and addresses of same are provided to opposing counsel at least 72 hours prior to trial." The pre-trial order was consented to by plaintiff's counsel and entered by the trial judge. Thus, having complied with the condition of identifying the witness no less than 72 hours prior to trial, defendant had a pre-approved "right" to call the witness.

We cannot conclude as a matter of law that the exclusion of this

witness' testimony was harmless error. Although the witness did not see the collision, she testified she was located directly across from where the collision occurred and saw the position of defendant's vehicle immediately before looking away and then hearing the impact. The location of defendant's vehicle was the decisive issue in this case. The only eyewitnesses to the collision were the two parties and a passenger in defendant's vehicle. While the testimony of the newly discovered witness was largely repetitive of the testimony of defendant's passenger, the passenger was, at the time of the collision, defendant's sister-in-law. Thus, the newly discovered witness was the only disinterested witness to the scene of the collision and neither we nor the trial judge can guess what weight the jury would have placed on her testimony.

2. We conclude the trial judge did not abuse her discretion in ruling the defendant could not present to the jury a videotape of an accident reconstruction experiment conducted by her expert witness because the videotape was neither listed as evidence in the pre-trial order nor revealed to plaintiff's attorney through the discovery process prior to trial. We note, however, that because our ruling in Division 1 of this opinion requires the case to be retried, defendant now has the opportunity to make the videotape available to plaintiff and to bring a motion to amend the pre-trial order to add it to defendant's evidence list.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 25, 1991 —
REHEARING DENIED FEBRUARY 13, 1991 — 

*Diane Q. House*, for appellant.
*Dennis & Corry, John K. Fitzgerald, Irwin, Bladen, Baker & Russell, Thurbert E. Baker, Freeman & Hawkins, Warner S. Fox*, for appellee.