A91A1924. JONES et al. v. LIVINGSTON et al.
(416 SE2d 142)

POPE, Judge.

This appeal stems from the death of 17-year-old Patrick Livingston. Patrick was killed from injuries sustained in a one-vehicle accident. At the time of the accident, defendant William L. ("Bill") Jones was driving the vehicle. The evidence presented at trial showed that Patrick Livingston and Bill Jones had been close friends and classmates for several years. At the time of the automobile accident, both young men were seniors in high school.

Another friend of theirs from high school invited several of his classmates, including Bill and Patrick, to his family's cabin for an informal gathering. Although no refreshments were served at the cabin, most invitees brought beer. Bill picked Patrick up at approximately 11:00 a.m. on the day of the accident and the two purchased a 12-pack of beer, had lunch, and drove around in the vehicle consuming the beer. Bill and Patrick arrived at the cabin between 2:00-3:00 p.m. They stayed and visited with their friends for approximately two hours. When they were ready to leave the party, a young woman at the cabin asked Bill if he would drive her home. Shortly thereafter,

the three decided to purchase more beer and drink it at property owned by Bill's family. At approximately 5:00 p.m., as they were travelling to Bill's parents' property, the automobile veered from the roadway. Apparently, as Bill attempted to steer the vehicle back on the road, he lost control and the vehicle rolled three times. All occupants were thrown from the vehicle, but only Patrick suffered fatal injuries. Patrick's parents, Alfred and Patsy Livingston, brought this wrongful death action against Bill and Bill's father, Carey Jones. A jury awarded the Livingstons $1,250,000. Defendants appeal from that judgment and the trial court's denial of their motion for new trial.

1. Defendants argue that the trial court committed reversible error in refusing to admit into evidence the testimony of Bruce Jones, brother of Bill Jones and son of Carey Jones. The trial of this case began on August 20, 1990. On August 16, 1990, defendants' attorney supplemented defendants' answers to a previous interrogatory submitted by plaintiff to state that Bruce Jones would testify at trial that on the day of the accident Patrick came into the Jones' home with a beer, and Bruce told Patrick not to drink beer in their home because his parents did not allow alcohol in their home. Patrick told Bruce he should not worry about it, and Bruce should "come on and go with us and get drunk." Defendants argue that this testimony should have been admitted to show that not only did Patrick intend to get drunk but he knew that Bill was going to get drunk as well.

Generally the trial court has discretion concerning whether to allow a party to call at trial a witness who is not named in the pretrial order. *Nease v. Buelvas*, 198 Ga. App. 302, 303 (401 SE2d 320) (1991). Apparently no pretrial order was filed in this case. However, it would still be within the trial court's discretion to decide whether a witness who was identified approximately four days before trial should testify.

We find that the trial court did not abuse its discretion by ruling that Bruce Jones' testimony was cumulative of other evidence presented. Sufficient evidence was presented before the defendants attempted to call Bruce Jones from which the jury could infer Patrick's intent on the day of the accident was to become intoxicated and Patrick knew Bill would probably become intoxicated as well. Bill testified he shared a 12-pack of beer with Patrick. Witnesses testified that Patrick and Bill were seen drinking as early as noon. Numerous invitees to the gathering at the cabin testified that both Patrick and Bill were drinking while at the cabin.

Contrary to defendants' assertions otherwise, this issue is not controlled by our decision in *Booth v. Johnson*, 198 Ga. App. 569 (402 SE2d 523) (1991). In *Booth*, in a pretrial order which was signed by both parties and approved by the trial judge, defendant reserved the right to call additional witnesses on the condition that he provide

their names and addresses to opposing counsel at least 72 hours before trial. The defendant attempted to call a witness he had identified to opposing counsel at least 72 hours before trial, but the trial court refused to let the witness testify. We held that the trial court abused its discretion because by approving the pretrial order, it had given the defendant a preapproved right to call the witness. Id. at (1). Defendants did not preserve such a right to present witnesses in this case.

Defendants further argue that if they had been allowed to present Bruce Jones' testimony, it would have been clearer that our decision in *Crudup v. Post Properties*, 195 Ga. App. 203 (393 SE2d 9) (1990) governs this case, and that defendants were entitled to a directed verdict. In *Crudup*, both Crudup and his friend Rhodes attended a pool party given by the owners of their apartment complex. Both were obviously intoxicated when they left the party, and Rhodes suggested that Crudup ride on the hood of Rhodes' car to Rhodes' apartment. When Rhodes made a turn, Crudup fell from the car and sustained fatal head injuries. In reaching our conclusion that Crudup's decision to assume a position of imminent danger on the hood of the car rather than occupy an available passenger seat inside the car barred recovery for his death as a matter of law, we stated that "cases which concern the right of a passenger to recover for injuries inflicted by an intoxicated driver are also factually distinguishable and have no bearing on the resolution of this appeal, because no injury to a 'passenger' is at issue here." Id. at 205. It is undisputed that Patrick was a passenger in Bill's vehicle. Accordingly, our decision in *Crudup* has no bearing on the resolution of this appeal.

We note that a passenger's knowledge that a driver is intoxicated does not, as a matter of law, impute to the passenger knowledge that the driver is so impaired that he cannot drive safely. For that reason, mere knowledge by a passenger that the driver is intoxicated does not preclude recovery from the driver. Id. at 207 (McMurray, J., dissenting); *Petroleum Carrier Corp. v. Jones*, 127 Ga. App. 676 (2) (194 SE2d 670) (1972).

2. Defendants contend that the trial court committed reversible error in admitting portions of the deposition testimony of the emergency medical technician ("EMT"). The admission of irrelevant evidence is only grounds for a new trial when the evidence admitted could have been harmful to the complaining party. *Taintor v. Rogers*, 197 Ga. 872 (2) (30 SE2d 892) (1944). " '(E)ven though our rule favors the admission of relevant evidence, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Barnwell v. State*, 197 Ga. App. 116, 118 (397 SE2d 717) (1990).

Defendants raised an irrelevancy objection to the EMT's testimony that there was blood and vomitus in the ambulance that transported Patrick which the EMT had to remove before the ambulance could be used again. Patrick died en route to the hospital. The EMT testified without objection that before Patrick died, he tried to intubate Patrick and "when I did we had blood and vomitus coming out." He also testified that Patrick had a severe head injury and had lost a lot of blood. A witness to the accident testified that Patrick was ejected from the vehicle through the windshield. A juror would naturally presume from this testimony that there was blood and vomitus in the ambulance which had to be removed. Although we agree that the EMT's testimony about cleaning the ambulance was irrelevant, in light of the other evidence we do not find that admitting this testimony constituted harmful error.

3. Defendants assert that the trial court committed reversible error by refusing to charge the jury that failure to use a seat belt could be considered evidence of comparative negligence. Instead, the trial court gave a general comparative negligence charge and allowed the defendants to argue in their closing argument that Patrick's failure to wear a seat belt amounted to negligence.

"A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." (Citations and punctuation omitted.) *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 822 (3) (a) (354 SE2d 6) (1987). While defendants made a motion to supplement the record to reflect that they requested the trial court to give "seat belt charges," and the trial court granted their request and supplemented the record to show defendants requested charges that "dealt with the use of seat belts in the comparative negligence of the decedent based upon his failure to wear seat belts." This supplementation to the record is insufficient for us to determine if the trial court erred in refusing the requested charges because the requested charges were not made part of the record. Accordingly, we cannot address the merits of this enumeration of error. See *Stephens v. State*, 201 Ga. App. 737 (2) (412 SE2d 568) (1991).

4. Defendants assert the trial court committed reversible error in refusing to allow their accident reconstruction expert to testify as to the effect of Patrick's failure to use his seat belt. A review of the record reveals that defendants did not give plaintiffs prior notice that this expert would testify concerning the use of seat belts. OCGA § 9-11-26 (b) (4) (A) (i) allows a party to require the opposing party to identify all expert witnesses the opposing party plans to call at trial and to state the subject matter about which the expert will testify, the opinions the expert will render, and a summary of the grounds for

each opinion. The trial court did not abuse its discretion by refusing to allow defendants' expert to testify concerning a subject matter not revealed to plaintiffs.

Within this same enumeration of error, defendants argue that the trial court committed reversible error by not allowing them to make an offer of proof regarding the testimony of both Bruce Jones (see Division 1, supra) and the testimony of their expert regarding the use of seat belts. In *Hendrix v. Byers Bldg. Supply*, 167 Ga. App. 878, 880 (307 SE2d 759) (1983), this court held "[w]hile it is a well settled rule that in order to preserve a ground of objection relating to the exclusion of oral testimony it is necessary for the complaining party to show what he expects to prove and that the evidence is material, relevant and beneficial [cit.], it is equally true that where an offer of proof is necessary it is error for the trial judge to deny counsel an opportunity to state what he proposes to prove by the evidence offered. [Cit.]" Defendants contend that our holding in *Hendrix* entitles the party seeking to admit testimony to call the witness outside the presence of the jury and allow the witness to state what he would testify about if the court allowed his testimony. *Hendrix* simply allows the complaining party to state what he expects to prove with the testimony in question, and why it should be allowed. A review of the record reveals that defendants' counsel adequately stated what he hoped to show with each witness' testimony and why it should be allowed. This enumeration of error is without merit.

5. Defendants assert that the trial court committed revesible error by admitting into evidence 17 photographs of Patrick, certain writings by Patrick, an audiotape of Patrick singing, and a videotape of Patrick. We initially note that several of the photographs about which defendants now complain were admitted into evidence without objection from defendants. Defendants did object, however, to most of the photographs depicting Patrick's relationship with his family or his interest in playing baseball. As this court recently noted in *Consolidated Freightways Corp. v. Futrell*, 201 Ga. App. 233 (3) (410 SE2d 751) (1991), there is an intangible element of the full value of the life of a deceased. There was evidence from which the jury could find that Patrick's family and baseball were both important aspects of his life, therefore, evidence relating to those issues was relevant in helping the jury determine the value of Patrick's life from the standpoint of the deceased. The same is true of Patrick's religious activities. Id. Furthermore, the audiotape which contained a hymn sung by Patrick, evidenced Patrick's singing ability, another aspect of Patrick's life which the jury could properly consider in deciding the value of the intangible aspect of his life. We also note that while the videotape was an advertisement for his church, the trial court only allowed a portion of the tape shown so that the jury was not aware that it was

an advertisement. The introduction of a recent videotape of the deceased is no more prejudicial than a recent photograph, which defendants concede is admissible evidence in a wrongful death action.

6. Finally, defendants argue that the trial court erred by placing too much emphasis on the charges on the measure of damages by charging the jury on damages three times. A review of the record reveals that what defendants characterize as the first two charges on damages is actually one charge, as there was no break between the "two charges." Furthermore, the final time damages was mentioned was during the trial court's summary of what constitutes the full value of a deceased's life. Each charge complemented the other and covered areas of law not otherwise charged.

Moreover, the record also reflects that the jury had two questions for the court during their deliberations: one as to the measure of damages, and the other as to comparative negligence. With regard to the former, the trial judge responded that the jury should try to remember his charge on the measure of damages and stated that he did not want to unduly emphasize any particular aspect of the charge. "Mere repetition of a principle of law is not reversible error unless it appears, from the charge as a whole, that there is such undue emphasis as to constitute an unfair statement of law. [Cit.]" *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155-156 (342 SE2d 352) (1986). After reviewing the charge as a whole, we are satisfied that there was not such undue emphasis on the measure of damages charge as to constitute an unfair statement of law.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 26, 1992.

Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Jonathan M. Engram, Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, for appellants.
William J. Mason, Brace W. Luquire, for appellees.