A92A0644. PRICE et al. v. ROGERS et al.
(422 SE2d 7)

ANDREWS, Judge.

Price, a minor, sued Rogers and Mr. and Mrs. Peterson for injuries suffered by him while riding in a pickup truck with Rogers, also a minor. The trial court granted summary judgment to defendant Rogers and Price appeals.

Viewed with all inferences and reasonable doubts in favor of plaintiff Price, *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the evidence was as follows. On the afternoon of June 28, 1988, plaintiff Price, 16 years old, and defendant Rogers, 15 years old, went rafting on the Dog River with a third friend, Strom. After returning from the river trip, during which no alcoholic beverages were consumed, these three young men and several others congregated at the home of Jeff Peterson, whose parents were out of town and who

owned the pickup involved in the wreck.

After a game of basketball, Price borrowed Strom's Dodge pickup truck with Strom's permission and drove Rogers to a local store where they had another individual who was of legal age, and solicited by them for that purpose, purchase a case of beer. They returned to the Peterson home where five of the boys present engaged in a drinking game called "Quarters." The game consisted of putting a glass of beer on the table and taking turns trying to bounce a quarter off a hard surface into the glass. If successful, the person bouncing the quarter designated one of the others to consume the glass of beer. If unsuccessful, the bouncer consumed the beer.

It was not disputed that, during this game, which lasted about 45 minutes to an hour, Price and Rogers each drank at least a six pack of beer. Both also smoked marijuana.

After the game was over and the sun had gone down, Price somehow obtained the keys to the Peterson pickup, and he and Rogers set out to visit a friend. During both this trip and the earlier one, Rogers, who had a learner's permit, kept requesting that he be allowed to drive. Price and Rogers returned to the Peterson residence where Rogers took over the driving and Price sat in the passenger seat. The wreck occurred when Rogers was unable to negotiate a curve and both boys were injured.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The doctrine of assumption of the risk bars a plaintiff from recovery when he chooses, without restriction, an obviously dangerous course of conduct with full knowledge of that danger. *Myers v. Boleman*, 151 Ga. App. 506, 509 (3) (260 SE2d 359) (1979). "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury. 'In this State the doctrine of comparative negligence prevails and it is not all negligence which contributes to an injury that will necessarily prevent a recovery. . . . If a driver, from intoxication, is in a condition which renders him incapable of operating (the vehicle) with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact that may be proved for the consideration of the jury.' *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306) [(1916)]." *Stukes v. Trowell*, 119 Ga. App. 651, 652 (168 SE2d 616) (1969). See *Menendez v. Jewett*, 196 Ga. App. 565, 566 (1) (396 SE2d

294) (1990).

"[A] passenger's knowledge that a driver is intoxicated does not, as a matter of law, impute to the passenger knowledge that the driver is so impaired that he cannot drive safely. For that reason, mere knowledge by a passenger that the driver is intoxicated does not preclude recovery from the driver. [*Crudup v. Post Properties*, 195 Ga. App. 203], . . . 207 (McMurray, P. J., dissenting); *Petroleum Carrier Corp. v. Jones*, 127 Ga. App. 676 (2) (194 SE2d 670) (1972)." *Jones v. Livingston*, 203 Ga. App. 99, 101 (1) (416 SE2d 142) (1992).

*Freeman v. Martin*, 116 Ga. App. 237 (2) (156 SE2d 511) (1967), and *Davis v. Ferrell*, 118 Ga. App. 690, 691 (2) (165 SE2d 313) (1968) (citing as authority only *Freeman*), are relied upon by defendant/appellee Rogers as authority justifying the summary judgment below. As discussed in *Stukes*, supra at 652, however, anything in *Freeman* contrary to the Supreme Court holding in *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753) (1916) must yield to *Powell*.[1]

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 8, 1992 —
RECONSIDERATION DENIED JULY 31, 1992.

Burge & Wettermark, Michael J. Warshauer, for appellants.
Greer, Klosik & Daugherty, Donald J. Sharp, Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy, for appellee.

[1] The basic premise of *Powell*, supra, is stated thusly, "[i]t is possible, whether probable or not, for one man to act with the care of a prudent man while intoxicated. . . ." Id. at 699. With respect to the operation of motor vehicles, perhaps it is time for the Supreme Court to re-examine *Powell* in the light of present public policy.