A04A1434. BROWN v. HOVE.
(603 SE2d 63)

PHIPPS, Judge.

Gerald Brown sued Evelyn Hove to recover damages for personal injuries he sustained in a motor vehicle collision. The trial court directed a verdict in favor of Brown on the issue of liability, based on Hove's admission that her negligence had caused the collision; and the jury awarded Brown $25,000 in damages. Brown appeals, contending that the trial court abused its discretion in admitting testimony by Hove's medical expert, Dr. Barry Jeffries, that it was unlikely that the mechanics of the collision caused Brown's injuries.

> "The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." [Cit.] The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. [Cit.][1]

Finding no abuse of discretion in the trial court's admission of Jeffries' testimony, we affirm.

---

[1] *Cromer v. Mulkey Enterprises*, 254 Ga. App. 388, 391 (2) (562 SE2d 783) (2002).

The collision occurred in May 2002. Brown claims that the collision resulted in herniation of the L5-S1 disc in his lower back, causing him to incur $164,000 in medical expenses prior to trial and necessitating at least $13,000 in future medical costs. Indisputably, however, Brown had a degenerative disc disease at the time of the collision; and he had also injured his L5-S1 disc on two prior occasions — once in another vehicular collision in 1988, and again in 1994 while bending down to do heavy lifting. Each injury required medical treatment for about a year. But Brown testified that after finishing treatment for injuries sustained in the 1988 collision, he did not experience any back or disc problems until the 1994 incident; and, after finishing treatment for the 1994 incident, he did not experience any such problems until the collision giving rise to this suit.

Nonetheless, Hove claimed that Brown's disc herniation was not proximately related to this collision. In support of this defense, Hove presented the deposition of Jeffries. Jeffries is a diagnostic neuroradiologist who reviewed Brown's medical records. Over continual objections by Brown's attorney, Jeffries testified during his deposition that he was familiar with the type of bodily movement required to damage the L5-S1 disc, and that a disc fracture at this level is most likely caused by bending forward at least 30 degrees and putting an axial compressive load on the spine. Jeffries further testified that, assuming that the collision involved a frontal impact to Brown's vehicle, that he was wearing a seat belt, and that he did not sustain any visible bodily injury, it was unlikely that Brown was subjected to the type of movement and stress that would have damaged his L5-S1 disc. A videotape of Jeffries' deposition was played for the jury after the trial court overruled Brown's renewal of the objections raised to the testimony while the deposition was being taken.

1. In support of his contention that the trial court abused its discretion in admitting Jeffries' deposition testimony, Brown relies on *Johnson v. Knebel*[2] and *Cromer v. Mulkey Enterprises.*[3]

In *Johnson*, plaintiff Johnson was involved in successive vehicular collisions with defendants Knebel and Fitzpatrick. Johnson was left with a broken leg. At trial, Fitzpatrick presented an expert accident reconstructionist, Lindsay, who stated his opinion that the collision involving Knebel had in all likelihood caused Johnson's injury. Lindsay, however, acknowledged that in forming this opinion, he had not relied on any specialized knowledge within his area of expertise. Instead, he had only viewed photographs of the damaged vehicles in the same manner as would any layperson. Our Supreme

[2] 267 Ga. 853 (485 SE2d 451) (1997).
[3] Supra.

Court, therefore, held that Lindsay should not have been allowed to give his opinion as an expert on the issue of causation. The Court further held that

> in order to possess the expertise required to render an expert opinion as to the proximate cause of physical injuries purported to result from one of two separate automobile collisions, a witness must have had at least some training or experience in deducing the effects of automobile collisions upon human passengers. This in turn requires some degree of expert knowledge in the realms of human physiology and anatomic structure, including biomechanics and osteology. . . . [I]t also requires some knowledge concerning the structure of the automobile's passenger compartment, and any passenger safety devices used therein, such as passenger restraints, airbags, and reinforced side, front and rear panels. Furthermore, the expert witness must be able to relate the objective means used in applying this expert knowledge to determine that the specified injury to the passenger was caused by particular damage to the automobile.[4]

In *Cromer*, plaintiff Cromer was involved in a minor vehicular collision. About a year later, she was diagnosed with herniated discs in her neck and lower back. A year after that, she was diagnosed with a torn rotator cuff in her shoulder. Cromer presented Dr. Watts, a physicist, to give his expert opinion in the field of biomechanics that the collision had caused her injuries. The trial court let Watts testify that if the body moves in certain directions after a vehicle is struck in a certain way, the collision would more likely than not cause an injury at a certain disc level. But the trial court would not let Watts give his opinion that the specific injuries suffered by Cromer were caused by the collision. We found no abuse of discretion. We also noted that no information had been provided that scientific studies had been performed to show how much force and movement it takes to herniate a disc or to tear a rotator cuff.[5]

In this case, Jeffries' deposition testimony authorized the court to find that, as a radiologist, he had acquired expert knowledge in the field of biomechanics because radiologists must understand the

---

[4] 267 Ga. at 858 (3). *Naimat v. Shelbyville Bottling Co.*, 240 Ga. App. 693 (524 SE2d 749) (1999), was a wrongful death action in which we held that, under the controlling authority of *Johnson v. Knebel*, supra, the trial court correctly disallowed an expert in accident reconstruction from expressing his opinion as to which impact in a multi-vehicle collision was more likely to have killed plaintiffs' decedent.

[5] 254 Ga. App. at 393 (2).

causes of the injuries they observe in X-rays, CAT scans, MRIs, and the like. Jeffries testified that tests and experiments, reported in radiological literature with which he was required to be familiar, had identified the types of stresses and bodily movements that most likely cause disc herniation. Jeffries testified that if Brown had been restrained by a seat belt and had not sustained visible bodily injury, it would have been unlikely for him to be subjected to the type of stress and movement that herniate an L5-S1 disc. Whether that opinion was correct or incorrect, the trial court did not abuse its discretion in determining that Jeffries possessed the expert qualifications needed to present the opinion to the jury.

*Johnson* is distinguishable from this case because the expert there was an accident reconstructionist whose opinion was not based on his special expertise. *Cromer* is distinguishable because Jeffries did provide some information concerning studies showing the type of force and movement it takes to herniate a disc. And based on hypothetical questions assuming facts in evidence, Jeffries merely expressed his opinion of the likelihood that the bodily force and movement generated by this collision would have been a causal factor in Brown's disc herniation.[6]

2. Brown also contends that Jeffries should not have been allowed to testify about the cause of his injury because Hove failed to disclose that Jeffries would render an opinion on this subject.[7] Although Brown raised this objection at trial, he failed to elicit a ruling from the trial court on the objection. Therefore, the objection was waived.[8]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JULY 26, 2004 — ▮▮▮▮▮

*Dupree, Poole & King, Russell D. King*, for appellant.
*Jay F. Eidex*, for appellee.

---

[6] Unlike the situation in *Foster v. State*, 272 Ga. 69, 72 (7) (525 SE2d 78) (2000), Jeffries was not called upon to offer an opinion about another expert's opinion.

[7] See *Jones v. Livingston*, 203 Ga. App. 99, 102 (4) (416 SE2d 142) (1992) (where plaintiffs made a discovery request that defendants state the subject matter about which their expert would testify, trial court did not abuse its discretion by refusing to allow expert to testify on a subject not revealed to plaintiffs); but compare *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729 (1) (494 SE2d 751) (1997) (exclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission).

[8] *Mountain Bound v. Alliant FoodService*, 242 Ga. App. 557, 558 (1) (530 SE2d 272) (2000).