A05A0746. NYGAARD et al. v. MATHENY.
(615 SE2d 772)

MILLER, Judge.

Robert Nygaard and his wife (the Nygaards) filed this medical malpractice suit against Dr. Robert Matheny claiming that Robert Nygaard suffered a massive stroke as a result of Dr. Matheny's negligent care during and after a coronary bypass procedure. Following a trial, the jury returned a verdict for Dr. Matheny. On appeal, the Nygaards contend that the trial court erred when it precluded one theory of their case on the morning of the trial and when it refused their counsel's request to examine prospective jurors in panels of twelve. Finding no error, we affirm.

The record shows that on the morning of trial, the trial court asked the parties if they had any objections to the proposed pretrial order. Dr. Matheny objected to the Nygaards' statement of the case, which referred to the acts of a physician's assistant, Scott Luft, as imputable to the doctor. Dr. Matheny pointed out that on the workday before trial, the Nygaards had supplemented their interrogatory responses to show that their experts now planned to opine as to the care and treatment rendered by Luft, an employee of a cardiology group as to which the statute of limitation had run. The Nygaards had not deposed Luft, however, and had made no previous allegations that Luft had been negligent.

The trial court noted that the parties had previously agreed that no new opinion testimony would be presented and that they would proceed to trial based on that understanding, and asked the Nygaards' counsel to show where in the discovery process they had

identified Luft as a source of Dr. Matheny's negligence. After extensive argument, the trial court held that it would not allow the Nygaards to show that Dr. Matheny could be held liable by reason of Luft's negligence.

1. The Nygaards claim that the trial court erred by precluding their theory of negligence against Dr. Matheny based on the negligence of Luft, and that the case should have been continued to allow Dr. Matheny to prepare a defense to this new theory. We disagree.

If the trial court had been presented with the Nygaards' supplement to their discovery responses in a timely fashion, then a continuance might have been the appropriate response. See OCGA § 9-11-26 (e) (1) (B) (requiring parties to supplement discovery responses concerning scope of expert testimony); *Hunter v. Nissan Motor Co. of Japan*, 229 Ga. App. 729 (1) (494 SE2d 751) (1997) (exclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission). In the pretrial conference held only a week before, however, the parties had agreed not to come forward with any additional expert testimony. When the Nygaards proposed to change the testimony of their previously identified experts to support their theory based on Luft's negligence, the trial court interpreted this as a violation of the pretrial agreement. Specifically, the trial court found that (1) the Nygaards had abused the discovery process when they failed to raise the issue of Luft's behavior in a timely way; (2) both parties had agreed the week before that "no new opinions of experts would be allowed to come forward in this trial and therefore delay this trial"; and (3) to allow the Luft claim to go forward would prejudice Dr. Matheny.

The purposes of a pretrial conference include the clarification of issues and the limitation of the number of expert witnesses. OCGA § 9-11-16 (a) (1), (4); see *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (1) (486 SE2d 851) (1997). An agreement among the parties to restrict new expert opinions after the pretrial conference is consistent with these purposes. See *Long v. Marion*, 257 Ga. 431, 433 (2) (360 SE2d 255) (1987). Thus we cannot say that the trial court erred in holding the Nygaards to their word by requiring them to proceed to trial without a medical malpractice claim supported by new expert testimony noticed after they had agreed to limit the scope of that testimony at the pretrial conference. See *Jones v. Livingston*, 203 Ga. App. 99, 102-103 (4) (416 SE2d 142) (1992) (where plaintiffs made a discovery request that defendants state the subject matter about which their expert would testify, trial court did not abuse its discretion by refusing to allow expert to testify on a subject not revealed to plaintiffs); Uniform Superior Court Rule 8.5 (barring continuances

not approved by court after case is placed on trial calendar, and imposing penalty for case removed within five days of scheduled trial week).

2. The Nygaards claim that the trial court erred in refusing to allow their counsel to examine prospective jurors in panels of 12 at a time. Again, we disagree.

The Nygaards' counsel asked the trial court to allow him "to voir dire 12 [prospective jurors] at a time as opposed to 30 at a time," and proposed that "[o]nce we finish with the first panel of 12, we'll move on to the second panel." The trial court refused. OCGA § 15-12-131 provides: "In the examination of individual jurors by counsel for the parties in civil and criminal cases . . . it shall be the duty of the court, upon the request of either party, to place the jurors in the jury box in panels of 12 at a time, so as to facilitate their examination by counsel." However, the trial court is authorized in its discretion to allow counsel to pose their general voir dire questions to the panel as a whole. See *Hammond v. State*, 273 Ga. 442, 444-445 (2) (542 SE2d 498) (2001) (approving process of general voir dire of the jury pool of 40 with panels of 12 rotated through the jury box for individual examination). Accordingly, the trial court did not err in refusing to allow voir dire of the prospective jurors in the specific manner requested by the Nygaards.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 24, 2005 —
RECONSIDERATION DENIED JUNE 8, 2005 — 

*James H. Potts II*, for appellants.
*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Mary K. Greene, Vroon & Crongeyer, Bryan A. Vroon, Goldner, Sommers, Scrudder & Bass, Susan V. Sommers*, for appellee.