## A11A1229. WILLIAMS v. CAPITOL CORPORATE CLEANING, INC.
### (720 SE2d 228)

DOYLE, Judge.

Letha Williams brought a personal injury action against Capitol Corporate Cleaning, Inc. ("Capitol"), alleging that Capitol was negligent in performing cleaning services at Williams's workplace, where she was injured after a slip and fall. Following a jury trial resulting in a verdict in favor of Capitol, Williams appeals from the trial court's denial of her motion for new trial. She contends that the trial court erred by (1) improperly instructing the jury, (2) entering a judgment that was unsupported by the evidence, and (3) allowing Capitol to present a closing argument after it waived argument. For the reasons that follow, we affirm.

Williams's complaint alleged that while she was an employee at the corporate offices of a hotel group, she walked through a computer tape storage library and slipped on a foreign substance on the floor, causing injuries to her hands, knees, and back. She reported the injury to her supervisor, sought treatment at a hospital, and ultimately required three knee surgeries. According to the complaint and Williams's testimony at trial, Capitol, an independent contractor hired to perform routine cleaning at the facility, had created the slick spot in the floor with an aerosol furniture polish. During cross-examination of Williams, Capitol's attorney challenged her about pre-existing pain and swelling in her injured knee. Capitol emphasized this during closing argument and also argued about the speculative nature of the evidence as to the cause of the slick spot.

Following a jury verdict in favor of Capitol, Williams filed a motion for new trial, which was denied, giving rise to this appeal.

1. Williams contends that the trial court erred in its charge to the jury. We discern no reversible error based on the arguments urged on appeal.

(a) Williams first argues that the trial court erred by charging the jury as to the law on premises liability, i.e., owner/occupier liability because her claim alleged simple negligence on the part of the cleaning service — not the owner or occupier of the premises. Williams correctly points out that the trial court gave the charge over her initial objection and that the charge was likely to confuse the jury. Nevertheless, after Williams subsequently objected to the

charge as given, the trial court sustained the objection and offered to re-instruct the jury to disregard that erroneous instruction. In response, Williams's trial counsel stated, "Okay. That's fine." The curative instruction was given and the record reflects no other objection or motion for mistrial thereafter. Under these circumstances, this enumeration presents nothing to review.[1]

(b) Williams also challenges the following instruction given by the trial court: "Where the defendant is an independent contractor hired to perform certain janitorial services, the defendant has no independent duty to inspect the premises for safety of invitees on the premises." As it did in the trial court, Capitol argues that this instruction was an accurate statement of law as stated in *Greene v. Piedmont Janitorial Svcs.*[2] Williams, in turn, argues that reliance on *Greene* is misplaced because it was a premises liability case. On the contrary, *Greene* addressed a scenario analogous to this one, in which a plaintiff sued the janitorial service at her workplace, alleging that it negligently "applied an excessive amount of cleaning products to the floor."[3] In light of the contractor's lack of a duty akin to that of an owner/occupier under OCGA § 51-3-1, this Court affirmed a directed verdict as to the theory of liability predicated on the janitorial service's failure to inspect the premises.[4]

Here, the same rule applied, and Capitol, as an independent contractor, did not have an independent duty as an owner/occupier to inspect the premises for the safety of the employer's invitees. As in *Greene*, Williams's theory of recovery was predicated on her allegation that Capitol negligently applied or spilled furniture polish on the floor in a way that caused her to slip and fall. The alleged liability did not arise from a failure to perform a duty to inspect, but rather from Capitol's alleged negligence in cleaning the premises. Thus, the challenged jury instruction was applicable to this case and an accurate statement of law.[5] Accordingly, we discern no reversible error.

---

[1] See *Brooks v. State*, 190 Ga. App. 430, 432 (2) (379 SE2d 228) (1989) (following a clarification to a jury instruction, "[a] litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same"). See also *Smith v. Curtis*, 226 Ga. App. 470, 471 (1) (486 SE2d 699) (1997); *Morrill v. State*, 216 Ga. App. 468, 474 (9) (454 SE2d 796) (1995) ("When an appellant could have tendered a timely motion for mistrial or requested additional limiting or curative instruction but declined to do so, we generally will not grant more appellate relief than that actually prayed for at trial."); *Central of Ga. R. Co. v. Sellers*, 129 Ga. App. 811, 816 (6) (201 SE2d 485) (1973) (physical precedent only).

[2] 220 Ga. App. 743, 744-745 (2) (470 SE2d 270) (1996).

[3] See id. at 743.

[4] See id. at 744-745 (2).

[5] See *Wadkins v. Smallwood*, 243 Ga. App. 134, 139 (5) (530 SE2d 498) (2000) ("A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence . . . .") (punctuation omitted).

(c) Williams next challenges the following instruction given by the trial court:

> Damages are given for compensation for an injury done. And generally the injury is a measure where the damages are of character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of this case.

Williams contends that the instruction was irrelevant and duplicative.

We note as an initial matter that Williams fails to identify in the record any duplicate instruction on nominal damages, and we have found none. Nevertheless, "[m]ere repetition of a principle of law will not authorize a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law."[6] We find no undue emphasis here.

Further, there was evidence that Williams had prior problems with her injured knee. Thus, the charge was relevant to the extent that the jury could have found that her subsequent slip and fall caused only nominal difficulty with her knee — with most of the difficulty being caused by the pre-existing condition. Finally, we note that the instruction given essentially tracks the language of the pattern charge on nominal damages.[7] Under these circumstances, we discern no reversible error.

(d) Williams also contends, in a purely conclusory argument citing no authority, that the following instruction was erroneous as irrelevant and duplicative:

> In the event you should find in favor of the plaintiff on the issue of liability, that alone would not mean that the plaintiff is entitled to recover a verdict in his favor. In a negligen[ce] action the plaintiff is not, as a matter of law, entitled to recover some amount of money merely because the defendant is negligent despite the fact that the plaintiff may have testified that she incurred some damages. Whether plaintiff has in fact incurred any damage and the extent of the damage is a question to be determined by the jury alone.

---

[6] (Punctuation omitted.) *American Multi-Cinema v. Walker*, 270 Ga. App. 314, 318 (3) (b) (605 SE2d 850) (2004).

[7] See Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 66.010 (5th ed. 2007).

This instruction is a correct statement of law,[8] it was applicable, there was no undue emphasis, and Williams fails to demonstrate how the charge warrants reversal.

(e) Williams also contends that the trial court erred by giving the following instruction: "When a party offers himself as a witness in his own behalf, his testimony should be construed more strongly against him if it is vague or uncertain." This charge was requested by Capitol, withdrawn, but nevertheless given by the trial court. This appears to be an unintentional oversight by the trial court, and the charge, although with arguable legal basis,[9] was not appropriate in this case. Nevertheless, we discern no reversible error here because "[a]n inapplicable jury instruction is not grounds for reversal where it does not appear that the inapplicable part was calculated to mislead the jury, erroneously affected the verdict or was prejudicial to the rights of the complaining party."[10] Even as characterized by Williams, her testimony was largely clear and straightforward, not vague or uncertain, and the relevant facts were essentially undisputed. Thus, her testimony was not susceptible to adverse construction factually, and the instruction did not demand a finding against Williams. It was a matter for the jury to weigh the evidence, evaluate causation, and allocate liability. Based on the record in this case, the challenged jury instruction did not affect that process such that a reversal is required.[11]

(f) Williams next challenges the trial court's failure to give a jury charge on a defendant's burden to prove the defense of alternate

---

[8] See, e.g., *Johnson v. Cooper*, 234 Ga. App. 753, 756 (1) (507 SE2d 559) (1998) ("Even though the plaintiff proved an injury, the jury was authorized to find that the injury was unrelated to the collision."), disapproved on other grounds, *Herr v. Withers*, 237 Ga. App. 420, 421 (515 SE2d 174) (1999); *Hansen v. White*, 190 Ga. App. 596, 597 (1) (379 SE2d 536) (1989) (Even if "the evidence demanded a finding that the defendant was negligent and that this negligence was the proximate cause of the automobile collision, the evidence authorized but did not demand a finding that plaintiff had suffered any serious injury attributable to the collision. The jury is the judge of the veracity of parties and witnesses. . . .") (punctuation omitted).

[9] See, e.g., *Brown v. Wingard*, 122 Ga. App. 544 (3) (177 SE2d 797) (1970) ("When a plaintiff offers herself as a witness in her own behalf, her testimony will be construed most strongly against her, if it is vague and uncertain.").

[10] (Punctuation omitted.) *Roberts v. Stennett*, 201 Ga. App. 155, 156 (2) (410 SE2d 356) (1991).

[11] Compare *Maurer v. Chyatte*, 173 Ga. App. 343, 345 (3) (326 SE2d 543) (1985) (physical precedent only) (reversing because "the contested charge . . . focused *entirely* on appellant's testimony and instructed the jury that it should return a verdict against her *solely* because the most unfavorable version of appellant's own testimony did not warrant a finding in her favor") (emphasis in original). Unlike in *Maurer*, the instruction at issue here did not contain language stating that a testifying party "is not entitled to a finding in their favor if that version of their testimony . . . most unfavorable to them shows the verdict should be against them." (Emphasis omitted.) Id. at 343 (3).

causation.[12] However, the general charge on the burden of proof was given, and Williams did not submit a written request to charge on the defendant's burden to prove alternate theories of causation. "[I]f the plaintiff was not satisfied with the general charge on the subject of the burden of proof, it was incumbent upon [her] to make [a] timely written request to charge on the shifting of the burden, if [she] desired such [a] charge."[13] Therefore, this enumeration presents no basis for reversal.

2. Williams also contends that the trial court erred by denying her motion for new trial because Capitol presented no evidence in opposition to her claims. This argument is belied by the record, which contains testimony elicited by Capitol on cross-examination of Williams, regarding problems with her knee prior to the slip and fall at issue here. Further, Williams had the burden of proof at trial, and the jury was entitled to draw its own conclusions and inferences based on the evidence presented.

> [W]e must remain mindful of the jury's role in the process to resolve any and all conflicts in the evidence. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. The situation is best summed up by the language of Justice Bleckley . . . : "Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." From this perspective, it is preferable not to have a single trial judge stand in the shoes of the several men and women of various backgrounds who make up a jury and determine what inferences they may draw from the evidence. It is for this reason that trial judges should [usurp the jury's role]

---

[12] See OCGA § 24-4-1 ("If a negation or negative affirmation is essential to a party's case or defense, the proof of such negation or negative affirmation lies on the party so affirming it."); *Steele v. Atlanta Maternal-Fetal Medicine*, 271 Ga. App. 622, 624-625 (1), n. 3 (610 SE2d 546) (2005), overruled on other grounds by *Smith v. Finch*, 285 Ga. 709, 712 (681 SE2d 147) (2009); *Moresi v. Evans*, 257 Ga. App. 670, 677 (3) (572 SE2d 327) (2002) (affirming because "the jury was adequately informed that the defendants bore the burden of proving any alternative theories of causation that they presented").

[13] *Hyde v. Chappell*, 194 Ga. 536, 541 (1) (22 SE2d 313) (1942). See also *Barnes v. Barnes*, 224 Ga. 92, 96 (2) (160 SE2d 391) (1968); *Middleton v. Waters*, 205 Ga. 847, 852 (2) (55 SE2d 359) (1949).

only where the evidence is truly clear, palpable and undisputed.[14]

This is not such a case.

3. Finally, Williams argues that the trial court erred by allowing Capitol the opportunity to present a closing argument because Capitol allegedly waived its argument. The record shows, however, that there was apparently a brief miscommunication about whether Williams herself was waiving argument, and upon her clarification, the trial court allowed both Williams and Capitol to present closing arguments in regular order. During what was a momentary misunderstanding, Capitol neither sought nor gained a tactical advantage, and we discern no abuse of discretion in the trial court's handling of the closing arguments.[15]

*Judgment affirmed. Miller, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 15, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011

*Greer, Klosik, Daugherty & Swank, John F. Daugherty, Laura H. Mirmelli*, for appellant.
*Fain, Major & Brennan, James W. Hardee*, for appellee.

---

[14] (Citations and punctuation omitted.) *Svc. Merchandise v. Jackson*, 221 Ga. App. 897, 898-899 (1) (473 SE2d 209) (1996).

[15] See, e.g., *Alexandrov v. Alexandrov*, 289 Ga. 126, 127 (2) (709 SE2d 778) (2011) (applying abuse of discretion standard to trial court's administration of closing arguments).