A11A2076. HEWELL et al. v. TROVER et al.

(725 SE2d 853)

BOGGS, Judge.

In this medical malpractice action, plaintiffs appeal from a jury verdict and judgment in favor of the defendant physician and his professional corporation. In their sole enumeration of error, plaintiffs contend the trial court abused its discretion in excluding a portion of the testimony of the medical examiner who performed the autopsy on their decedent. The trial court properly held that plaintiffs had failed to disclose the proffered expert testimony in pretrial discovery. The trial court offered plaintiffs the option of declaring a mistrial or continuing with the trial without the undisclosed expert opinion, and they chose to continue. In addition, the disputed expert testimony was cumulative of the opinion testimony

of another expert witness. For these reasons, we affirm.

At trial, the medical examiner testified that she was board certified in anatomic, clinical, pediatric, and forensic pathology. She performed the autopsy on the decedent and determined that the cause of death was MRSA pneumonia. Based upon her physical and microscopic examination, she concluded that the pneumonia had been present for at least a day. Plaintiffs' counsel then asked her to assume that the decedent had burning in his chest during his office appointment with the defendant physician two days earlier. At this point, defendants objected, complaining that discovery responses had only identified the medical examiner as a witness with regard to the cause of death, not as a witness giving an expert opinion with regard to whether the pneumonia would have been present two days earlier.

Out of the presence of the jury, the trial court asked the medical examiner what her response would be to the question, and she responded, "What I am saying is if he gives me an assumption of a person having symptoms of pneumonia and I have autopsy findings of pneumonia, yes, it would be consistent with him having had pneumonia at that time." The court then questioned plaintiffs' counsel, who acknowledged that the medical examiner was not identified in response to defendants' interrogatory seeking identification of each expert witness, and that plaintiffs did not disclose in writing to defendants that the medical examiner would be testifying as to whether the pneumonia was present and hence detectable at the time of the office visit. The trial court concluded that "there is violation of the discovery rules, that [the medical examiner] was not given as an expert witness in this area based upon the interrogatories."

The trial court concluded that the appropriate remedy for the discovery violation was either the exclusion of the testimony or declaration of a mistrial, and gave plaintiffs' counsel the option to choose one of the remedies. After receiving time to consult with his clients, counsel stated, "We are ready to go forward, your Honor." After some discussion, the trial court again offered to "look at other remedies," and plaintiffs again declined a mistrial.

Plaintiffs contend that the medical examiner's opinion testimony as to the duration of the pneumonia was improperly excluded. OCGA § 9-11-26 (b) (4) (A) (i) provides:

A party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the

expert is expected to testify and a summary of the grounds for each opinion.

Plaintiffs argue that the medical examiner was identified as a witness to the cause of death. This is correct, and she was allowed to testify with respect to the cause of death based upon her personal observations in the course of conducting the autopsy. But, as the trial court noted, the testimony plaintiffs sought to elicit went beyond the matters the medical examiner personally performed or observed and into the area of opinion testimony based upon a hypothetical posed by the questioner. Plaintiffs asked the witness to assume for the purpose of her opinion disputed facts (that the decedent had burning in his chest during the doctor's appointment) based on material "acquired or developed in anticipation of litigation or for trial." OCGA § 9-11-26 (b) (4).

> A review of the record reveals that [plaintiffs] did not give [defendants] prior notice that this expert would testify . . . . OCGA § 9-11-26 (b) (4) (A) (i) allows a party to require the opposing party to identify all expert witnesses the opposing party plans to call at trial and to state the subject matter about which the expert will testify, the opinions the expert will render, and a summary of the grounds for each opinion. The trial court did not abuse its discretion by refusing to allow [plaintiffs'] expert to testify concerning a subject matter not revealed to [defendants].

*Jones v. Livingston*, 203 Ga. App. 99, 102-103 (4) (416 SE2d 142) (1992) (exclusion of accident reconstruction expert's testimony on effect of failure to use seat belt not abuse of discretion); compare *Stewart v. Odunukwe*, 273 Ga. App. 380, 381 (615 SE2d 223) (2005) (hospital pathologist allowed to testify to conclusions regarding cause of medical condition observed in specimens he examined as part of patient's treatment). The testimony sought by plaintiffs did not fall within the scope of the medical examiner's contemplated testimony, but was an expert opinion not identified or summarized before trial.[1]

We have held in other circumstances that exclusion of an expert's testimony was "not an appropriate remedy for curing an

---

[1] During the course of the discussion, the trial court elicited testimony that the medical examiner had never had a pediatric practice treating children, and she also testified that she had never done a pediatric residency but only "a specialty area" of pediatric pathology. On this basis, defendants argued that, had the expert and her testimony been disclosed in a timely fashion, they would have filed a motion to exclude it as outside her area of practice. See generally OCGA § 24-9-67.1.

alleged discovery omission," and that "[t]he only appropriate remedy . . . was postponement of trial or a mistrial." (Citations and footnote omitted.) *Hunter v. Nissan Motor Co.*, 229 Ga. App. 729, 729-730 (1) (494 SE2d 751) (1997).[2] But here, plaintiffs were offered the option of a mistrial by the trial court and declined to take it. "When an appellant could have tendered a timely motion for mistrial . . . but declined to do so, we generally will not grant more appellate relief than that actually prayed for at trial." (Citation and punctuation omitted.) *Williams v. Capitol Corporate Cleaning*, 313 Ga. App. 61, 62 (1) (a), n. 1 (720 SE2d 228) (2011).

Moreover, another medical expert witness testified, in extensive detail, to the same opinions and conclusions that plaintiffs unsuccessfully sought to prove through the medical examiner. "Any error in that exclusion was harmless because the excluded testimony was cumulative of other evidence." *Miller v. Miller*, 288 Ga. 274, 276 (1) (705 SE2d 839) (2010); see also *Muskett v. Sketchley Cleaners*, 297 Ga. App. 561, 561-562 (1) (677 SE2d 731) (2009) (exclusion of physician's testimony, even if error, harmless because merely cumulative of other medical experts' testimony).

*Judgment affirmed. Mikell, P. J., and Dillard, J., concur.*

DECIDED MARCH 12, 2012.

*Erik H. Olson*, for appellants.
*Carlock, Copeland & Stair, Wade K. Copeland*, for appellees.

---

[2] We previously have noted the apparent conflict between *Hunter* and *Jones*, supra. See *Brown v. Hove*, 268 Ga. App. 732, 735 (2), n. 7 (603 SE2d 63) (2004). It appears that the case before us is distinguishable from *Hunter*, because there the defendants deposed the expert and specifically questioned him regarding his opinions on the very issue as to which his testimony was later barred. The expert testified that he was unable to form an opinion because he had not yet received from the defendants all the necessary information on which to base his conclusions, and we noted that defendants could easily have sought further information after complying with discovery and before trial. *Hunter*, supra, 229 Ga. App. at 730, n. 3. In contrast, here the witness was never identified as an expert with respect to matters beyond her own observation, and defendants had no opportunity to examine or test an expert opinion elicited for the first time during trial. But we need not reach that issue because plaintiffs declined the offer of a mistrial.